**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
DAVID SHILOH BODINE,              )
                                  )
        Plaintiff,                )
                                  )
v.                                )   No. CIV-10-142-FHS-KEW
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
        Defendant.                )
```

**ORDER**

In this action under the Social Security Act, Plaintiff, through his attorney, has moved the court for an award of attorney's fees pursuant to the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In its response, the government states it has no objection to a reasonable fee award in the amount of $6,505.40. The court has reviewed the record in this case, including Plaintiff's motion for attorney's fees, and concurs in the stipulation. Consequently, Plaintiff's motion for attorney's fees is granted and the government is ordered to pay Plaintiff's attorney's fees in the amount of $6,505.40.

This award is to be made payable to Plaintiff, not Plaintiff's counsel or jointly to Plaintiff and Plaintiff's counsel, as 28 U.S.C. § 2412(d)(1)(A) provides for an award of attorney's fees "to a prevailing party." Astrue v. Ratliff, 130 S.Ct. 2521, 2525-29 (2010)(holding that section 2412(d)(1)(A) attorney's fees award is payable to the litigant and is subject to an offset where the litigant has outstanding federal debts); Manning v. Astrue, 510 F.3d 1246, 1249-55 (10th Cir. 2007), cert. denied, 129 S.Ct. 486 (2008)(the plain language of the EAJA, its legislative history, and case law dictate that an award of attorney's fees under the EAJA

1

belongs to, and is made payable to, the prevailing party). Should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), she should take the necessary steps to assure compliance with the refund requirements as outlined in <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986), by refunding the smaller of the EAJA award or the section 406(b)(1) award to Plaintiff.

It is so ordered this 21st day of September, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

2