**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DAVID SHILOH BODINE,            )
                                )
    Plaintiff,                 )
                                )
v.                              )   No. CIV-10-142-FHS-KEW
                                )
MICHAEL ASTRUE, Commissioner    )
Social Security Administration  )
                                )
    Defendant.                 )

**OPINION AND ORDER**

    On January 7, 2013, Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26). On August 2, 2011, judgment was entered in favor of Plaintiff remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a fully favorable decision on March 8, 2012, finding Plaintiff has been under a disability as defined in the Social Security Act since July 23, 2006. On October 29, 2012, a Notice of Award was issued in favor of Plaintiff with an award of back benefits in the amount of $101,387.00. On January 4, 2013, Plaintiff's counsel received the Notice of Award.

    Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and

1

claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Thus, the Court finds it appropriate to authorize Plaintiff's counsel to file her[1] § 406(b)(1) motion for attorney fees following her receipt of the October 29, 2012, Notice of Award containing the calculation of past-due benefits. In this regard, the Court notes the diligent efforts undertaken by Plaintiff's counsel in attempting to secure a copy of the Notice of Award. As detailed by counsel in the motion, through no fault of counsel or the client, the Notice of Award was not forwarded to counsel until January 4, 2013. Counsel's motion filed on January 7, 2013 - three days from counsel's January 4, 2013, receipt of the Notice of Award - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $22,000.00 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the

---

[1] Although the instant attorney fee motion was filed by attorney Gayle L. Troutman, of the firm, Troutman & Troutman, P.C., the Court notes that attorney Steve A. Troutman is the firm's representative signatory to the fee contract with Plaintiff and that the time records submitted in support of this motion reflect that Darren T. Rackley performed most of the legal work in connection with the firm's representation of Plaintiff.

2

Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $22,000.00. The Commissioner has filed an informative response on the various points of law to be considered, but has declined to take a position on the reasonableness of counsel's fee request. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $22,000.00 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002).

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) is granted in the amount of $22,000.00. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($6,505.40) previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

It is so ordered this 29th day of January, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma